IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER DUNKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-2189-NJR-RJD |
| | ) |
| LOCAL 2600 AFSCME and LISA EDEN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Amend Complaint to Add Parties (Doc. 17), Motion to Amend Complaint to Remove Parties (Doc. 18), and Motion to Amend Complaint (Doc. 19). Defendants filed a Response (Doc. 22).

Plaintiff Jennifer Dunkley filed this action *pro se* against her labor union, AFSCME Local 2600 and a union steward, Lisa Eden, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Plaintiff alleges Defendants failed to represent her due to race discrimination.

Plaintiff's motions for leave to amend seek to remove Lisa Eden as a Defendant and add her employer, the Illinois Department of Human Services. Plaintiff's proposed amended complaint also adds additional allegations. Defendants object to the filing of the proposed amended complaint arguing the previously filed motion to dismiss should be ruled on prior to consideration of Plaintiff's motions to amend. Defendants assert Plaintiff's Complaint contains no more than conclusory allegations insufficient to state a claim of race discrimination and that

the proposed amended complaint does not cure the deficiencies.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

The proposed amended complaint modifies the named parties and adds additional allegations. The amended complaint does not cause undue delay and Defendants will not be unfairly surprised or prejudiced.

For the foregoing reasons, Plaintiff's Motions for Leave to Amend (Docs. 17, 18, and 19) are **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's Amended Complaint as submitted on April 24, 2019 as the First Amended Complaint. The Court also **ADVISES** Plaintiff that since she is not proceeding *in forma pauperis*, pursuant to Rule 4, she has ninety days from the filing of her Amended Complaint to effectuate service on the newly named Defendant.

**IT IS SO ORDERED.**

**DATED:** May 14, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**