RECEIVED

APR 24 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Jennifer A. Dunkley,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-2189-NJR-RJD |
| | ) |
| **Local 2600 AFSCME and Illinois Department of Human Services** | ) |
| | ) |
| Defendants. | ) |

**AMENDED COMPLAINT ADDING ILLINOIS DEPARTMENT OF HUMAN SERVICES**

**INTRODUCTION**

Plaintiff, Jennifer Dunkley filed this action against her labor union, AFSCME Local 2600 (Union), and against her employer, Illinois Department of Human Services alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981. Plaintiff alleges that the Defendants racially discriminated against her by condoning a hostile work environment in which she suffered harassment and retaliation. Plaintiff also alleges that the Defendants failed to represent her based on race discrimination.

**PARTIES**

**Plaintiff**

Jennifer Dunkley

**Defendant**

Local 2600 AFSCME

Illinois Department of Human Services

FACTUAL ALLEGATIONS

1. The Plaintiff, Jennifer Dunkley is a member of a protected class, and was the only person of color, who is black, working in the IDHS Montgomery County FCRC office during the time of the allege racial discrimination.

2. The Plaintiff, Jennifer Dunkley is a certified employee of Illinois Department of Human services in the position of Public Aid Eligibility Assistant.

3. The Plaintiff, Jennifer Dunkley was subjected to multiple disciplinary actions including two suspensions.

4. The Plaintiff, Jennifer Dunkley under duress requested and was granted a transfer to another DHS Office, and the Plaintiff's position of Public Aid Eligibility Assistant in the Montgomery County FCRC office was filled by someone not in the Plaintiff's protected class.

STATEMENT OF FACTS

Plaintiff, Jennifer Dunkley filed this action against Defendants AFSCME Local 2600 (Union) and Illinois Department of Human Services, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981.

1. Plaintiff claims failure to represent a member as stated in the Council 31 AFSCME Contract Agreement, July 1, 2012 – June 30, 2015. Non-Discrimination, Article 111;   Grievance Procedure, Article V: Discipline, Article IX. Records and forms, Article XVII. Due to racial discrimination. Complaint, statement of claim, paragraph 1.

2. Plaintiff was targeted for an Interim evaluation on May 10th, 2017. (Union) failed to file a grievance on plaintiff's behalf. Complaint, statement of claim, paragraph 2.

3. On May 15th, 2017 plaintiff had a counseling meeting with LOA, Patricia Herker. She presented charges against plaintiff to which plaintiff submitted my rebuttal. Again, (Union) failed to file a grievance. Complaint, statement of claim, paragraph 3.

4. On June 17, 2017 plaintiff had a Pre-disciplinary meeting with Patricia Herker, LOA to which plaintiff submitted a rebuttal on June 26, 2017. On June 27, 2017 plaintiff receive a notice for a 5 day suspension from Patricia Herker, LOA. On June 29, 2017 (Union) filed a grievance on my behalf, Grievance Number 628658, for management's failure to follow progressive and corrective discipline. In regards to this grievance that was filed on June 29, 2017, the processing was untimely. Complaint, statement of claim, paragraph 4.

5. On July 11, 2017 plaintiff had a Pre-disciplinary meeting with Patricia Herker, LOA. Plaintiff submitted a rebuttal on July 13, 2017. (Union) failed to file a grievance. On August 7, 2017 plaintiff received a 7 day suspension from Patricia Herker, LOA for which plaintiff had not been given prior notice (Union) had knowledge of this pending suspension but failed to notify plaintiff. When plaintiff returned to work on Monday, August 14, 2017 plaintiff sent the suspension notice in an email to (Union). (Union) failed to file a grievance on my plaintiff regarding this 7 day suspension which began on August 7, 2017. (Union) also failed to file a grievance regarding this embarrassing situation that plaintiff experienced. Complaint, statement of claim, paragraph 5.

6. On August 17, 2017 plaintiff had a Pre-disciplinary meeting with Patricia Herker, LOA. Plaintiff submitted a rebuttal on August 23, 2017. (Union) failed to investigate the points in plaintiff rebuttal or to file a grievance. On September 8, 2017 plaintiff had a Pre-disciplinary meeting with Patricia Herker, LOA. Plaintiff submitted a rebuttal on September 15, 2017. (Union) failed to file a grievance. Complaint, statement of claim, paragraph 6.

7. In October 2017, there was a dispute regarding an unexcused absence. (Union) promised to file a grievance on plaintiff behalf. The grievance (Union) filed on plaintiff behalf was denied on the same day it was filed, however, later when the (Union) realized that the plaintiff had filed a case with the EEOC (Union)

processed the grievance. Plaintiff also requested (Union) to file grievances for denial of training and falsification of documents against Patricia Herker, LOA. (Union) failed to file a grievance. Complaint, statement of claim, paragraph 7.

**FIDUCIARY**

1. The Plaintiff, Jennifer Dunkley is a member of a protected group or protected class by the United States federal anti-discrimination law.
2. The Plaintiff is an employee of Illinois Department of Human Services.
3. The Plaintiff is certified as Public Aid Eligibility Assistant of Illinois Department of Human Services.
4. The Plaintiff is a member Local 2600 AFSCME.
5. The Plaintiff alleges the existence of a fiduciary relationship between the plaintiff, Jennifer Dunkley and the defendant, Local 2600 AFSCME wherein the plaintiff is the beneficiary and the defendant is the fiduciary. Council 31 AFSCME Contract Agreement, July 1, 2012 – June 30, 2015
6. The Plaintiff, Jennifer Dunkley alleges a breach by the defendant, Local 2600 AFSCME of its fiduciary obligations relative to the plaintiff.
7. The Defendant, Local 2600 AFSCME failed to represent the plaintiff under circumstances that give rise to a claim of unlawful racial discrimination.
8. The Plaintiff, Jennifer Dunkley alleges a breach by the defendant, Illinois Department of Human Services of its fiduciary obligations relative to the plaintiff.
9. The Defendant, Illinois Department of Human Services failed to implement the policies of Employee Handbook to protect plaintiff from unlawful discrimination.

**CLAIM FOR RELIEF (Racial Discrimination)**

10. The Defendants have engaged in unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981 by failure to protect and represent.

11. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of the Plaintiff, Jennifer Dunkley.

**PRAYER FOR RELIEF**

Wherefore, the plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which fails to represent members because of racial discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal representation for members who are in a protected class.

C. Order Defendants to make whole the plaintiff, Jennifer Dunkley by providing appropriate affirmative and equitable relief necessary to eradicate the effects of its unlawful practices.

D. Order Defendants to make whole the plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including but not limited to medical expenses;

E. Order Defendants to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation

F. Order Defendants to pay plaintiff punitive damages in amounts to be determined at trial;

G. Order Defendants to provide training to its union stewards, managers and employees regarding discriminatory harassment and retaliation in the workplace;

H. Grant such further relief as the Court deems necessary and proper in the public interest;

I. Order the defendants to write a letter of apology to the plaintiff for its unlawful practices and file it with the clerk of the court.

J. Award the Plaintiff its costs in this action.

**JURY TRIAL DEMAND**

The Plaintiff, Jennifer Dunkley requests a jury trial on all questions of fact raised by this Complaint.

Jennifer Dunkley

*/s/ Jennifer Dunkley*

Jennifer Dunkley
108 S. Spruce Street
Greenville, IL 62246
(618)664-7343 (phone)
Jennifer.dunkley@gmail.com

Plaintiff

Melissa J. Auerbach
Lead Counsel
ARDC No. 3126792
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
312-372-1361 (phone)
312-372-6599 (fax)

mauerbach@laboradvocates.com

Dated: April 24, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, I electronically filed the foregoing Plaintiffs' **Amended Complaint adding Illinois Department of Human Services** with the Clerk of the Court using the CM/ECF system, and I hereby further certify that on April 24, 2019, I mailed by United States Postal Service and emailed the same document to the following registered participant:

Melissa J. Auerbach
Lead Counsel
ARDC No. 3126792
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
312-372-1361 (phone)
312-372-6599 (fax)

mauerbach@laboradvocates.com


Jennifer Dunkley
*/s/ Jennifer Dunkley*
Jennifer Dunkley
108 S. Spruce Street
Greenville, IL 62246
jennifer.dunkley@gmail.com


Dated: April 24, 2019