IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY,<br><br>    Plaintiff,<br><br>v.<br><br>LOCAL 2600 AFSCME and<br>ILLINOIS DEPARTMENT OF<br>HUMAN SERVICES,<br><br>    Defendants. | Case No. 3:18-cv-2189-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Pending before the Court is a Motion to Dismiss Second Amended Complaint filed by Defendant Local 2600 AFSCME ("AFSCME") (Doc. 46), a Partial Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claims filed by Defendant Illinois Department of Human Services ("IDHS") (Doc. 57), and a Motion to Strike Defendant Illinois Department of Human Services's Response and Motion to Strike Defendant Illinois Department of Human Services's Affirmative Defenses to Plaintiff's Second Amended Complaint filed by Plaintiff Jennifer Dunkley (Doc. 60). For the reasons set forth below, the Court grants in part and denies in part the Motion to Dismiss filed by AFSCME, grants the Motion to Dismiss filed by IDHS, and denies the Motion to Strike filed by Dunkley.

## FACTUAL BACKGROUND

  This is an action alleging unlawful racial discrimination and retaliation by IDHS and AFSCME (Doc. 38). The facts can be summarized as follows: Dunkley is an African

American woman who was employed by IDHS (*Id.*). Dunkley claims that she was the only African American woman who worked at her location; the other employees were white (*Id.*). She further claims that she was targeted in the workplace in ways that her white counterparts were not (*Id.*). Dunkley alleges that she was routinely reprimanded for errors that were not hers (*Id.*). She also alleges that she was reprimanded for conduct while her white counterparts were not reprimanded for identical conduct (*Id.*). Dunkley claims that her superior yelled and threatened her but did not do this with other employees (*Id.*). Dunkley asserts that her union steward, Lisa Eden, was unhelpful because she appeared to be personal friends with Dunkley's superior (*Id.*). Dunkley claims that the hardships she experienced lead her to transfer to another IDHS office (*Id.*).

Dunkley highlights instances in her own summary of the facts: On May 10, 2017, Dunkley alleges that she was the only employee subjected to an interim evaluation, though every employee received scheduled annual evaluations in December 2016 (*Id.*). Dunkley was subjected to a second interim evaluation on September 15, 2017 (*Id.*). Dunkley requested AFSCME file a grievance on her behalf, and AFSCME did not (*Id.*).

Dunkley also claims that, on May 15, 2017, she had a counseling meeting with Patricia Herker, the Local Office Administrator, in which Herker presented charges against Dunkley, which Dunkley rebutted (*Id.*). Dunkley again requested AFSCME file a grievance, and AFSCME did not (*Id.*).

On June 17, 2017, Dunkley alleges that Herker subjected Dunkley to a pre-disciplinary meeting, and Dunkley submitted a rebuttal to the meeting on June 26, 2017 (*Id.*). On June 27, 2017, Dunkley was notified of a five-day suspension from Herker (*Id.*).

On June 29, 2017, AFSCME filed a grievance on Dunkley's behalf, Grievance Number 628658, for management's failure to follow progressive and corrective discipline (*Id.*). The processing of the grievance was untimely (*Id.*).

Dunkley had another pre-disciplinary meeting with Herker on July 11, 2017, and submitted a rebuttal on July 13, 2017 (*Id.*). AFSCME did not file a grievance (*Id.*).

On August 7, 2017, Dunkley received a seven-day suspension from Herker with no prior notice for taking time off on Friday, August 4, 2017 (*Id.*). When Dunkley returned to work on Monday, August 7, 2017, Herker told Dunkley that she was suspended for seven days beginning Monday, August 7, 2017 (*Id.*). Dunkley believes that this was done with malicious intent (*Id.*). Dunkley requested that AFSCME file a grievance, and AFSCME did not (*Id.*).

In October 2017, there was a dispute regarding an unexcused absence (*Id.*). AFSCME promised to file a grievance on Dunkley's behalf (*Id.*). The grievance was denied on the same day it was filed, but later processed when AFSCME realized that Dunkley had filed a case with the Equal Employment Opportunity Commission ("EEOC") (*Id.*). Dunkley also requested that AFSCME file grievances for Herker's denial of training and falsification of documents, and AFSCME did not (*Id.*).

### LEGAL STANDARDS

Defendants bring their motions pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(1), and 12(b)(6). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of

the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)* and quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677-78).

To survive a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must "clearly allege facts demonstrating each element" required to establish he has standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547. The burden of establishing these three elements falls on the party invoking the court's jurisdiction. *Id.*

Whether a defendant argues that a complaint fails to (1) properly state a claim, or (2) properly plead the elements of standing, courts apply the same analysis. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 554-55 (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement"

will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Further, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On the other hand, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [during the pleading stage] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). District courts may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-657 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)).

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately

prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. 570. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). "When ruling on a motion to dismiss, a federal court may consider documents attached to the pleadings without converting the motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

<u>ANALYSIS</u>

I. **IDHS Partial Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claims**

All claims in the complaint allege violations based on race pursuant to 42 U.S.C. § 1981 (Doc 38). IDHS asserts that a § 1981 claim that is not brought through § 1983 fails to state a claim upon which relief can be granted (Doc 57). Further, IDHS asserts that Dunkley cannot maintain a claim under § 1981 or § 1983 because IDHS is not a "person" as defined by the statute and is therefore not subject to suit (*Id.*). This Court agrees with the latter assertion.

The Supreme Court has determined that § 1983 provides the exclusive federal remedy for violation of rights guaranteed in § 1981 by state actors. *Jett v. Dall. Indep. Sch.*

*Dist.*, 491 U.S. 701, 733 (1989). The Seventh Circuit has affirmed that *Jett* remains good law. *Campbell v. Forest Pres. Dist.*, 752 F.3d 665, 671 (7th Cir. 2014).

Although § 1981 claims must be brought under § 1983, Dunkley was not required to cite § 1983 in her complaint. *See Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead ... statutes, but merely to describe his claim briefly and simply."); *see also Matthews v. Hughes*, No. 14 C 7582, 2015 U.S. Dist. LEXIS 135139, at *16 (N.D. Ill. Oct. 5, 2015) ("But although Matthews's § 1981 claim must be brought under § 1983, he was not required to cite § 1983 in his complaint."). Therefore, this Court deems Dunkley's § 1981 claims to have been properly brought under § 1983.

However, Dunkley cannot maintain a lawsuit against IDHS under § 1983 because IDHS is a state governmental agency. See *Davis v. Chester Mental Health Ctr.*, No. 18-cv-1119-SMY, 2018 U.S. Dist. LEXIS 145507, at *6 (S.D. Ill. Aug. 27, 2018). By virtue of the Eleventh Amendment, suits against states in federal courts are barred and state governmental agencies are immune. *Id.* "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Because Dunkley's § 1981 claims must be construed as brought under § 1983, and Dunkley cannot maintain a lawsuit against IDHS under § 1983, this Court must grant the Partial Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claims filed by IDHS and dismiss Dunkley's § 1981 claims against IDHS (Doc. 57).

**II.     AFSCME's Motion to Dismiss**

### a. 12(b)(1)

AFSCME claims that the Court lacks subject matter jurisdiction over Dunkley's claim that AFSCME breached a fiduciary duty to her, as such a claim by a public employee against a union for breach of the duty of fair representation is within the exclusive jurisdiction of the Illinois Labor Relations Board ("ILRB"). Dunkley lists six specific claims for relief in her complaint (Doc. 38). None of them specifically claims that AFSCME breached a fiduciary duty to Dunkley. Elsewhere and not enumerated in the six claims in Dunkley's complaint, she alleges that AFSCME breached a fiduciary obligation by failing to represent her under circumstances that give rise to a claim of unlawful racial discrimination (*Id.*). This Court agrees with AFSCME.

"[T]he ISLRB has exclusive jurisdiction to hear unfair labor practice grievances of Illinois state employees." *Carver v. Nall*, 172 F.3d 513, 516 (7th Cir. 1999). A union's breach of its duty of fair representation constitutes an unfair labor practice in Illinois. *See Cessna v. City of Danville*, 296 Ill. App. 3d 156, 162 (1998). Because the ILRB has exclusive jurisdiction over these types of claims, the Court must dismiss any claim to the extent that the claims allege a breach of the duty of fair representation on the part of AFSCME for lack of subject matter jurisdiction.

### b. Dismiss for Outside the Scope of the EEOC Charge

AFSCME alleges that Dunkley's Title VII claims of race discrimination against AFSCME based on claims of a hostile work environment, failure to promote, failure to implement antidiscrimination policies, race harassment, negative evaluations, forced transfer, issuance of discipline, retaliation, and failure to represent with respect to

evaluations, discipline, harassment, and promotion should be dismissed as outside the scope of Dunkley's EEOC charge against the AFSCME. This Court disagrees.

AFSCME correctly points out that Dunkley may not bring a claim in her lawsuit that she did not include in her EEOC charge. *See Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005). However, the Seventh Circuit has adopted a liberal standing for reviewing the scope of an EEOC charge. *Id*. "All claims of discrimination are cognizable that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). "The standard is a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Id*. The factual statements in an EEOC charge can implicate several different types of illegal discrimination. *Id*. at 866. Further, different claims can be so interlinked that to ignore the relationship would subvert the liberal remedial purpose of the Act. *Heard v. United States Steel*, No. 06-cv-615-JPG, 2006 U.S. Dist. LEXIS 92384, at *10 (S.D. Ill. Dec. 21, 2006). The Court in *Heard* further states, "to sue on a claim not raised in an EEOC charge, there must be a factual relationship between the charge and the complaint, they must describe the same conduct and implicate the same individuals.'" *Id*.

In Dunkley's EEOC charge (Doc. 46), she clearly alleges that she was discriminated against based on race and AFSCME failed to represent her in violation of Title VII of the Civil Rights Act of 1964. Dunkley also alleges that she sought Eden's representation on several occasions, mentioning two specific occurrences (*Id*.). Liberally construing the EEOC charge, it is clear that the charges in the complaint are closely related to the facts

in the EEOC charge. The complaint contains detailed descriptions of AFSCME's alleged illegal conduct (Doc. 38). Dunkley provided in depth factual allegations to support he claims of racially based discrimination. Dunkley describes several incidents and gives several points at which she consulted Eden in regard to those incidents to no avail (*Id*.). The descriptions are factually linked to the EEOC charge in which she states that she sought Eden's representation on several occasions and Eden refused to file a grievance (*Id*.). The EEOC charge is enough to give AFSCME proper notice of the charges in the complaint. *See Babrocky*, 773 F.2d at 866.

With regard to the retaliation claim, however, the Court must agree with AFSCME. In order to properly give a Title VII defendant notice of a retaliation charge, a plaintiff must either check the "retaliation" box or give an account of the facts that includes any reference at all to retaliatory conduct. *See Auston v. Schubnell*, 116 F.3d 251, 254 (7th Cir. 1997). Here, Dunkley did neither (Doc. 46). Dunkley's failure to use the word "retaliation" in her narrative and her failure to allege that the harassment got worse after she complained means that she may not make a retaliation claim here. *See Heard*, 2006 U.S. Dist. LEXIS 92384, at *11. Therefore, this Court must dismiss Dunkley's retaliation claim against AFSCME.

c. 12(b)(6)

Lastly, AFSCME asserts that Dunkley's Second Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief may be granted (Doc. 46). Specifically, AFSCME asserts that the Complaint is devoid of allegations that would show that AFSCME would have represented Dunkley differently if she were a

different race (*Id*.). AFSCME also asserts that many of the claims would be better directed at Dunkley's employer rather than AFSCME (*Id*.).

42 U.S.C. § 2000e-2(c) declares it is an "unlawful employment practice" for a labor organization:

> (1) …to discriminate against, any individual because of his race…;
>
> (2) to limit, segregate, or classify its membership or applicants for membership…in any way which…would limit such employment opportunities or otherwise adversely affect his status as an employee…because of such individual's race…; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

While Dunkley's complaint is not clearly written, Dunkley clearly alleges that AFSCME treated her worse than similarly situated white employees, which meets the threshold of discriminating against an individual because of her race in violation of Title VII (Doc. 38). Further, AFSCME relies on *E.E.O.C. v. Pipefitters Ass'n Local Union 597*, which states that if a union refuses to accept black people as members, or refuses to press their grievances, it is guilty of discrimination. *E.E.O.C. v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 659 (7th Cir. 2003). "But if it merely fails to effectuate changes in the workplace—if for example it urges the company to take steps to prevent harassment and the company fails to do so—the union is not guilty of discrimination, though the company is." *Id*. Dunkley's complaint suggests that Eden may have been acting in concert with Dunkley's superior to affect Dunkley's negative experience in the workplace (*Id*.). This factual allegation in particular seems to rise above the level of conduct that would be equal to failing to effectuate changes in the workplace. Accepting as true the well-pled

factual allegations of Dunkley's complaint and drawing in her favor the reasonable inferences therefrom, the Court concludes the complaint states a claim to relief that is plausible on its face and furnishes AFSCME fair notice of what Dunkley's claim is. *See Rippley v. Teamsters Local 525 & Teamsters Local 50*, No. 10-cv-0988-MJR-PMF, 2011 U.S. Dist. LEXIS 8258, at *6 (S.D. Ill. Jan. 28, 2011).

### III. Dunkley's Motion to Strike

Dunkley moves to strike IDHS's response to the Amended Complaint and Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f) (Doc. 60). Dunkley claims that the Affirmative Defenses are insufficient, redundant, immaterial, and impertinent as a matter of law. This Court disagrees.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Motions to strike are generally disfavored and affirmative defenses will only be stricken when they are insufficient on the face of the pleadings. *Hill v. Lakin*, No. 19-cv-00405-JPG, 2019 U.S. Dist. LEXIS 205191, at *2 (S.D. Ill. Nov. 26, 2019). Under Federal Rule of Civil Procedure 8, the defendant must provide a short and plain statement that gives a plaintiff notice of the basis for the defense. *Id.*; *see also* Fed. R. Civ. P. 8(a). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "The Court should not strike [a] matter from a pleading pursuant to Rule 12(f) 'unless the challenged allegations have no possible relation or logical connection to the subject

matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Miller v. Pam Transp., Inc.*, No. 19-cv-242-JPG-GCS, 2019 U.S. Dist. LEXIS 174577, at *5 (S.D. Ill. Oct. 8, 2019).

IDHS's Affirmative Defenses taken together clearly allege statements of law and fact (Doc. 56). IDHS used facts to allege that Dunkley missed a filing deadline and provided legal support to strengthen their claim (*Id.*). IDHS put forth legal standards and informed the Court of the factual background to support their assertions (*Id.*). Dunkley's arguments are not based on any pleading impropriety in the Affirmative Defenses for which striking is the appropriate remedy. *See Stine v. Homan Trucking LLC*, No. 18-cv-2202-JPG-RJD, 2019 U.S. Dist. LEXIS 51823, at *4 (S.D. Ill. Mar. 26, 2019). Rather, Dunkley's arguments are based on factual matters that would be determined later in the case after the parties conduct discovery. *See id.* ("Striking allegations at this stage because Rose believes there is no factual basis to support them is not appropriate"). This Court finds no basis to strike IDHS's answer. Further, because Dunkley has failed to meet the high threshold for prejudice, there is no basis to strike the other responses. Therefore, the Motion to Strike is denied.

CONCLUSION

For the reasons set forth above, the Partial Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claims filed by Defendants Illinois Department of Human Services (Doc. 57) is **GRANTED**. The Motion to Dismiss Second Amended Complaint filed by Defendant Local 2600 AFSCME (Doc. 46) is **GRANTED in part and DENIED in part**. The Motion to Strike Defendant Illinois Department of Human Services Response and Motion to Strike

Defendant Illinois Department of Human Services Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 60) is **DENIED**.

  **IT IS SO ORDERED.**

  **DATED:** **March 6, 2020**

                          */s/ Nancy J. Rosenstengel*
                          _____
                          **NANCY J. ROSENSTENGEL**
                          **Chief U.S. District Judge**