IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNIFER A. DUNKLEY,

      **Plaintiff,**

v.

      Case No. 3:18-CV-2189-NJR

**LOCAL 2600 AFSCME and ILLINOIS DEPARTMENT OF HUMAN SERVICES,**

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Strike Amended Answer to Complaint by Plaintiff Jennifer A. Dunkley ("Dunkley").

Pursuant to Federal Rule of Civil Procedure 12(f), a Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Generally, "motions to strike are disfavored," however, they can be useful in removing "unnecessary clutter from the case." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses may be stricken if they are "'insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388 (7th Cir. 1991) (quoting Heller Financial, Inc., 883 F.3d at 1294).

Dunkley seeks to strike portions of the Answer to her Second Amended Complaint filed by Defendant Local 2600 AFSCME ("AFSCME"). Dunkley first states her allegations are supported by a report produced by the Illinois Bureau of Civil Affairs, which AFSCME has not produced, and Dunkley cites *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady*, however, deals with the rights of defendants in criminal prosecutions, and is not relevant in a civil context. Discovery is the appropriate channel for Dunkley to seek release of the report that she discusses, and her

allegation that it has not been released does not provide a basis to strike any part of AFSCME's Answer.

Dunkley secondly appears to take issue with certain responses in AFSCME's Answer in which AFSCME indicates that it lacks knowledge or information sufficient to form belief. Dunkley indicates that each allegation "not specifically admitted is denied and strict proof of the same is demanded" (Doc. 78 at 5). AFSCME's answers regarding lack of knowledge comply with Federal Rule of Civil Procedure 8(b)(5), which provides that "a party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Strict proof is not required in filing an answer to a complaint. Accordingly, AFSCME's answer is sufficient in this respect and will not be stricken.

Lastly, Dunkley indicates that she attempted to "mitigate her damages" and that her complaint should "not be dismissed" (Doc. 78 at 6). This appears to relate to AFSCME's second affirmative defense, that Dunkley failed to mitigate (Doc. 67 at 42). AFSCME has not brought a motion to dismiss on this basis, however, and Dunkley's arguments that she did mitigate do not provide a basis to strike this defense from AFSCME's answer, which is sufficiently pleaded on its face.

For these reasons, the Motion to Strike (Doc. 78) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   August 3, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**