IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY,<br><br>      **Plaintiff,**<br><br>v.<br><br>**ILLINOIS DEPARTMENT OF HUMAN SERVICES, KIMBERLY PELTES, and MONICA MONROY,**<br><br>      **Defendants.** | Case No. 3:18-CV-2189-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Dismiss by Defendants Illinois Department of Health and Human Services ("IDHS"), Kimberly Peltes, and Monica Monroy. For the reasons set forth below, the Court grants in part and denies in part the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

This action stems from alleged discrimination experienced by Plaintiff Jennifer Dunkley ("Dunkley") during the period of her employment as a Social Services Career Trainee by IDHS. Dunkley initially filed a complaint in this Court in December 2019 against individuals associated with her union, subsequently adding IDHS as a defendant in that action. In October 2019, Dunkley filed a complaint in action 19-cv-1146 alleging claims under 42 U.S.C. §§ 1981 and 1983, as well as under Title VII of the Civil Rights Act of 1964, against IDHS and two IDHS employees, Kimberly Peltes and Monica Monroy.

While this Court consolidated 19-cv-1146 with the above-titled action on May 28,

2020, the instant motion to dismiss solely relates to the complaint in action 19-cv-1146.

Defendants filed the instant Motion to Dismiss for Failure to State a Claim (Doc. 79) on June 17, 2020, arguing that: (1) Title VII claims against Peltes and Monroy fail because Title VII does not extend liability to individual employees, (2) § 1981 claims against Peltes and Monroy fail because § 1981 does not create a cause of action against a state actor in his or her individual capacity, (3) §§ 1981 and 1983 claims against IDHS fail due to sovereign immunity, and (4) the complaint should be dismissed for violating Federal Rule of Civil Procedure 8(a)(2) through excess verbiage.

## LEGAL STANDARD

Defendants bring their motion pursuant to Federal Rules of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. 570. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

### I. Title VII claims against Peltes and Monroy

*A. Applicable Law*

Title VII of the Civil Rights Act of 1964 provides that "it shall be an unlawful employment practice for an employer (1)…to discriminate against any individual…because of such individual's race[.]" 42 U.S.C. § 2000e–2(a)(1). "Employer" is defined as "a person engaged in an industry affecting commerce…and any agent of such a person[.]" 42 U.S.C. § 2000e(b). Based on this broad statutory definition of the term, certain courts have previously held that individual supervisory employees may be subject to liability under Title VII. *Bridges v. Eastman Kodak Co.*, 800 F. Supp. 1172 (S.D.N.Y. 1992). Such interpretations have generally been rejected, however, and both the Seventh Circuit and other circuits have generally come around to the principle that Title VII does not allow for liability on the part of individual supervisory employees. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) (rejecting *Bridges*); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that a "supervisor does not, in his individual capacity, fall within Title VII's definition of employer . . .").

*B. Discussion*

Dunkley has named Peltes and Monroy in their individual capacities in her Title VII claim, arguing that individual liability may be imposed under Title VII under *Bridges*, 800 F. Supp. 1172. As discussed, that case was subsequently overruled by the Second Circuit, and its broad imposition of individual liability has been rejected in the Seventh

Circuit as well. Accordingly, Dunkley's Title VII claims against Peltes and Monroy must be dismissed.

## II. Section 1981 claims against Peltes and Monroy

### A. *Applicable Law*

Sections 1981 and 1983 of Title 42 both authorize actions by private individuals based on certain forms of alleged constitutional violations. It is an established principle, however, that a plaintiff must rely on § 1983 to pursue an action against state actors. *Campbell v. Forest Preserve District of Cook County, Illinois*, 752 F.3d 665, 666 (7th Cir. 2014). Despite this general principle, courts in the past have often recognized the similarity of these claims, showing a willingness to construe claims under the correct statute. *See, e.g.*, *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead ... statutes, but merely to describe his claim briefly and simply."); *see also Matthews v. Hughes*, No. 14 C 7582, 2015 WL 5876567, at *5 (N.D. Ill. Oct. 5, 2015) ("But although Matthews's § 1981 claim must be brought under § 1983, he was not required to cite § 1983 in his complaint.).

### B. *Discussion*

Dunkley's complaint alleges claims of discrimination on the basis of her protected class and cites both §§ 1981 and 1983. To the extent that she brings claims against state actors, her claims should be brought solely under Section 1983. As Dunkley is a *pro se* filer, however, the Court sees no need to dismiss any portion of her complaint at this time, but rather notes that it will construe claims labeled under §§ 1981 and 1983 against Peltes and Monroy as being brought under § 1983.

### III. Section 1981 and 1983 claims against IDHS

 A. *Applicable Law*

Under the Eleventh Amendment, a state is entitled to sovereign immunity from suits by its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). A state is free, however, to waive its sovereign immunity and consent to suit. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). Such a waiver of sovereign immunity must be unequivocal. *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 338 (7th Cir. 2000).

 B. *Discussion*

IDHS is a department of the State of Illinois; therefore, suit is barred absent an exception to sovereign immunity. Dunkley argues that Illinois waived immunity in 745 Ill. Comp. Stat. 5/1.5(d). That statute, however, does not discuss §§ 1981 or 1983, solely waiving immunity for causes of action arising under other federal statutes. Absent an express waiver, IDHS is still entitled to immunity, and Dunkley's claims against IDHS under §§ 1981 and 1983 must be dismissed.

### IV. Plaintiff's Complaint's Compliance with FED. R. CIV. P. 8(a)(2)

 A. *Applicable Law*

To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, when a document is filed *pro se*, it is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

    B.   *Discussion*

Dunkley's Complaint is a total of thirty pages, which includes an attached memorandum of law that amounts to eighteen pages and 115 paragraphs in length (Doc. 2 in Case No. 19-1146). The length of the Complaint alone does not violate Rule 8's short and plain statement instruction, particularly when compared to the length of pleadings cited in other cases. *See Vakharia v. Little Company*, 917 F. Supp. 1282, 1303 (N.D. Ill 1996) (dismissing a fifty-one page, 178 paragraph complaint described as hardly short and far from plain); *Dudley Enterprises, Inc. v. Palmer Corporation*, 822 F. Supp. 496, 499–500 (N.D. Ill 1993) (dismissed forty-six page, 111 allegation complaint described as confusing, disjointed, and repetitive, making it difficult to sort out the necessary elements and the factual allegations upon which the claims are based); *Hertz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990) (125 page, 323 paragraph complaint dismissed for containing clear surplusage in stating a claim). Moreover, despite the length of the Complaint, it is not confusing; indeed, the Court was able to discern from the Complaint the general nature of Dunkley's allegations. Additionally, the Complaint was filed *pro se* and is entitled to less stringent pleading standards.

As such, the Court declines to dismiss the complaint on this basis.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Doc. 79) is **GRANTED in part** and **DENIED in part**. In relation to her complaint in 19-cv-1146, Dunkley will

proceed solely on her Title VII claim against IDHS and § 1983 claim against Peltes and Monroy. This order does not affect Dunkley's claims in the above-titled lead case.

**IT IS SO ORDERED.**

**DATED:   July 31, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**