IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-2189-DWD |
| | ) |
| LOCAL 2600 AFSCME AND | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are several discovery-related motions filed by the parties. A remote hearing was held on February 17, 2021. Pro Se Plaintiff, Jennifer Dunkley, was present. Attorney Taylor Traynoff was present on behalf of Defendants Illinois Department of Human Services ("IDHS"), Kimberly Peltes, and Monica Monroy. Attorney Melissa Auerbach was present on behalf of Defendant Local 2600 AFSCME ("AFSCME"). At the hearing, the following rulings are made on pending motions before the Court:

1. **Plaintiff's Motion to Strike (Doc. 104) is GRANTED.**

The Plaintiff's Motion to Strike the Answer to the Complaint and Affirmative Defenses by Defendant IDHS is granted. Defendant IDHS shall file no later than March 3, 2021 its Amended Affirmative Defenses.

2. **Plaintiff's Amended Motion to Strike (Doc. 115) is GRANTED.**

The Plaintiff's Amended Motion to Strike the Answer to the Complaint and Affirmative Defenses by Defendant IDHS is granted. Defendant IDHS shall file no later than March 3, 2021 its Amended Affirmative Defenses.

3. **Plaintiff's Motions for Sanctions (Doc. 126 and Doc. 127) are DENIED.**

Plaintiff asks the Court to impose sanctions on Defendants Illinois Department of Human Services and Local 2600 AFSCME. The Court finds that sanctions are not warranted, and the motions for sanctions are denied.

4. **Plaintiff's Motion to Compel (Doc. 136) is GRANTED IN PART and DENIED IN PART.**

Following the Plaintiff and IDHS's Meet and Confer on January 7, 2021, several disputes were left unresolved. The Plaintiff moves to compel discovery directed toward IDHS. The Court resolves the outstanding disputes as follows:

    a. <u>Interrogatories Nos. 11 and 18</u>

Defendant IDHS is working on an updated response to interrogatories Nos. 11 and 18. Defendant IDHS is directed to respond to interrogatories Nos. 11 and 18 by February 26, 2021.

    b. <u>Document Requests Nos. 9 and 11</u>

Under Rule 34 of the Federal Rules of Civil Procedure, Plaintiff's requests are improper because the requests are in the form of an interrogatory and not a request for production. Therefore, the motion to compel as to document requests Nos. 9 and 11 is denied.

    c. <u>Document Request No. 10</u>

While Defendant IDHS had objected in their response to this request as it is overbroad in time and scope, disproportional to the needs of this case, unduly burdensome, and seeks irrelevant information, counsel for IDHS explained at the hearing that document request No. 10 directed the Plaintiff to document request No. 1 as the produced series of documents that are responsive to request No. 10.  Plaintiff's Motion to Compel regarding request No. 10 is DENIED.

      d.   <u>Document Request No. 12</u>

The Court sustains IDHS Defendant's objection as document request No. 12 is vague and overbroad.  Defendant IDHS also objects to request No. 12 on the basis that the documents requested are covered by investigatory privilege and work product privilege. If Defendant IDHS continues to maintain objections based on privilege objections, Defendant IDHS shall comply with Fed. R. Civ. P. 26(b)(5) regarding privilege logs on or before March 10, 2021.

      e.   <u>Document Requests Nos. 13 and 14</u>

The motion to compel as to document requests Nos. 13 and 14 is denied.

      f.   <u>Document Requests Nos. 15 and 17</u>

Defendant IDHS objects to these requests on the basis that the requested documents are covered by investigatory privilege and work product privilege. If Defendant IDHS wishes to continue to maintain objections based on privilege objections, Defendant IDHS shall comply with Fed. R. Civ. P. 26(b)(5) regarding privilege logs on or before March 10, 2021.

   **5.**  **Plaintiff's Motion to Compel (Doc. 137) is DENIED.**

Following the Plaintiff and IDHS's Meet and Confer on January 19, 2021, the Plaintiff moves to compel discovery directed toward IDHS. The Court resolves the disputes to Plaintiff's Motion to Compel (Doc. 137) as follows:

    a.  <u>Document Request No. 18</u>

Defendant IDHS objects to Request No. 18 on the basis that it seeks irrelevant information. The Court sustains Defendant IDHS's objection as the Court finds document request No. 18 is outside the scope of discovery

    b.  <u>Document Request No. 19</u>

Plaintiff's motion to compel as to document requests No. 19 is denied.

**6. Local 2600 AFSCME Motion to Quash (Doc. 141) is DENIED.**

**7. Joint Motion for Protective Order (Doc. 143) is PENDING.**

Regarding the Joint Motion for Protective Order (Doc. 143), the Parties are directed to resubmit their proposed protective order of confidentiality to Judge Dugan's proposed document email by March 10, 2021.

**8. Defendants' Joint Motion to Compel (Doc. 144) is DENIED.**

**9. The Motion to Quash (Doc. 148) is GRANTED.**

    **SO ORDERED.**

    Dated: February 19, 2021.

                                                            */s/ David W. Dugan*
                                                            DAVID W. DUGAN
                                                            United States District Judge