IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNIFER A. DUNKLEY,                    )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )        Case No. 3:18-cv-2189-DWD
                                        )
ILLINOIS DEPARTMENT OF                  )
HUMAN SERVICES,                         )
                                        )
        Defendant.                      )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are several matters raised by Plaintiff Jennifer A. Dunkley. First, Dunkley filed a Motion to Recuse Judge David W. Dugan. (Doc. 7) She argues in her motion that the undersigned should have recused himself from this case because of "a prior professional association with Defendant's attorney." (Doc. 223 at 2) At the hearing on the motion, Dunkley argued that the undersigned's employment with the Madison County State's Attorney's Office in the early 1990s and his sitting as a Madison County Illinois Circuit Judge from 2017 to 2020 would cause his impartiality in this matter to be reasonably questioned.

A federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The question is whether a well-informed observer could reasonably question the judge's impartiality. *Owens v. Am. Cyanamid*, No. 07-C-0441, 2010 WL 597394, at *3 (E.D. Wis. Feb. 17, 2010). "Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an

aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute*." Liteky v. United States*, 510 U.S. 540, 557–58, 114 S. Ct. 1147, 1158, 127 L. Ed. 2d 474 (1994) ( J. Kennedy concurrence)

Dunkley does not support her motion with specific facts that might suggest even an appearance of impartiality.  This case was reassigned on October 5, 2020. (Doc. 108) At that time, there were two defense attorneys on record: Taylor Traynoff, representing Defendants Illinois Department of Human Services ("IDHS"), Kimberly Peltes, and Monica Monroy on behalf of the Illinois Attorney General's Office and Melissa Auerbach, representing AFSCME Local 2600.  Ms. Traynoff filed a response stating that she has had no professional relationship with Judge Dugan and that her first appearance before undersigned in either state or federal courts was in the present matter.

The Court advised that he has had no prior professional associations with Ms. Traynoff or the Illinois Attorney General's Office. It is true that the undersigned worked at the Madison County State's Attorney's Office in the early 1990s, but that entity is distinct from the Illinois Attorney General's Office which represents IDHS, Monroy, and Peltes. It is also true that the undersigned served as a Circuit Judge for Madison County, Illinois from February 2017 to September 2020, and during that time presided over several cases where the Illinois Attorney General's Office represented the State of Illinois or its employees.  But Dunkley presents no evidence that the undersigned "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute," and the Court, in its independent review of its past associations,  finds nothing to suggest that his impartiality in this case could be

2

reasonably questioned

Second, Dunkley filed Notices of Appeal seeking to appeal from the order granting summary judgment in favor of Defendants AFSCME Local 2600, Peltes, and Monroy on October 5, 2021. Dunkley's appeal is premature. Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals of final decisions of the district courts. The Federal Rules of Civil Procedure 58 and 54(b) provide two methods by which the Court may enter an appealable judgment. Dunkley cannot appeal under Rule 58 because the summary judgment order was not a final decision as it disposed of Dunkley's claims against only three of the four defendants. *See King v. Gibbs*, 876 F.2d 1275, 1277 (7th Cir. 1989) (citing 28 U.S.C. § 1291) And Dunkley cannot appeal under Rule 54(b) because the Court did not direct entry of a partial final judgment in favor of IDHS, Monroy, and Peltes. *See id.* In fact, the Court specifically directed the Clerk of Court to enter judgment against IDHS, Monroy, and Peltes at "the close of the case." (Doc. 220 at 15). Thus, Dunkley's appeal is premature. A premature notice of appeal is defective and does not deprive the district court of jurisdiction. *King*, 876 F.2d at 1278 (citing *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966)). This Court retains jurisdiction and will proceed.

Third, Dunkley filed a motion seeking permission for an interlocutory appeal from the Court's summary judgment order under 28 U.S.C. § 1292(b). (Doc. 235) The Court may certify as appealable an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion [when] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In this context, a "question of law" means "a question of the meaning of a

statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). However, Dunkley has not shown that the summary judgment involved a controlling question of law. Instead, she argues that the Court erred in granting summary judgment despite the existence of disputed questions of fact. Dunkley may make these arguments on appeal after a final judgment has been entered, but they do not provide a basis for an interlocutory appeal under 28 U.S.C. § 1292(b). Therefore, Dunkley's petition for permission for an interlocutory appeal is due to be denied.

Fourth, Dunkley has filed a motion for leave to appeal in forma pauperis as to her interlocutory appeal. (Doc. 243) Under 28 U.S.C. 1915(a)(1), a District Court may authorize commencement of a civil appeal without prepayment of fees, by a person who submits an affidavit showing that he is unable to pay the appeal fee. Section 1915(a)(3) adds, however, that pauper status cannot be granted if the appeal is not taken in good faith. *See also* Fed. R. App. P. 24(a); *Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000). Additionally, a person seeking leave to appeal in forma pauperis must attach to his motion an affidavit that not only shows his indigence but also claims entitlement to redress and "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). *See also* 28 U.S.C. 1915(a)(1) (person seeking to appeal without prepaying fees must submit affidavit stating the nature of the appeal and affiant's belief that he is entitled to redress). District courts should not apply an inappropriately high standard when making the good faith determination. To conclude that an appeal is taken in good faith, "a court need only find that a reasonable person could suppose that the appeal has some

4

merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir.), *cert. denied,* 531 U.S. 1029 (2000), *citing Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here Dunkley has not attached an affidavit to her motion for IFP, so the Court has no way of assessing her ability to pay the appeal fee. The only evidence of Dunkley's ability to pay is the fact that Dunkley paid the filing fee for this action and for the appeal she filed on October 7, 2021. Further, it is clear that this appeal is not taken in good faith. As discussed above, Dunkley has not shown that there is a controlling question of law for the Court to certify for interlocutory appeal. The Court finds that no reasonable person would suppose that this appeal has merit, because there is no controlling question of law at issue. Dunkley argues that there are questions of fact in dispute but that argument does not support an interlocutory appeal in any way.

   **SO ORDERED.**

   Dated: November 1, 2021

_____

DAVID W. DUGAN
United States District Judge