IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-2189-DWD |
| | ) |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are two motions filed by Plaintiff Jennifer A. Dunkley. First, Dunkley has filed a motion to stay further proceedings until the Seventh Circuit Court of Appeals decides her interlocutory appeal. (Doc. 249). Second, she has filed a motion to disqualify the undersigned. (Doc. 250). For the following reasons, both motions are due to be denied.

When presented with a motion to stay proceedings pending appeal, courts should consider four factors: (1) the appellant's likelihood of success on appeal; (2) whether the movant will suffer irreparable injury without a stay; (3) whether a stay would substantially harm the other parties; and (4) where the public interest lies. *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973). None of these factors weigh in Dunkley's favor.

First, Dunkley is unlikely to succeed on appeal because she presents no controlling question of law as required by 28 U.S.C. § 1292(b). In fact, the Court recently refused to certify Dunkley's interlocutory appeal and denied her motion to proceed *in forma pauperis*

as to her interlocutory appeal for that reason. (Doc. 247 at 4–5). Second, Dunkley argues that she will suffer irreparable injury "if she is required to litigate this case without all her claims." (Doc. 249 at 3). The Court denied Dunkley's claims against three defendants in its order granting summary judgment (Doc. 220), but that denial is not irreparable. Dunkley will have the opportunity to appeal the Court's order granting summary judgment after a final judgment has been entered in this case. The third and fourth factors weigh against Dunkley as this case is now nearly three years old and the defendant and the public have an interest in its speedy resolution. For these reasons, Dunkley's motion to stay is due to be denied.

Dunkley has also filed a "Verified Petition to Change Judge for Cause." (Doc. 250). This motion is essentially a second motion to recuse. The Court denied Dunkley's first motion to recuse. (Doc. 247). In the motion presently before the Court, Dunkley argues that the Court ignored misrepresentations made by the defendants and that the undersigned has a prior association with the State of Illinois that presents a conflict of interest. Dunkley argues that these facts show that the Court's "impartiality might reasonably be questioned" and that the undersigned should therefore disqualify himself pursuant to 28 U.S.C. § 455(a). (Doc. 250 at 4). For motions brought under 28 U.S.C. § 455(a), the test is "whether an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." *United States v. Herrera-Valdez*, 826 F.3d 912, 917 (7th Cir. 2016).

Neither of Dunkley's two reasons for disqualification satisfy this test. First, Dunkley argues that some of the defendants committed perjury by making a knowing

misrepresentation in a declaration and statement of facts attached to their motion for summary judgment. However, the Court addressed this question in its order granting summary judgment, finding that the defendants' representations were consistent with each other and that Dunkley had failed to show a genuine dispute of material fact. (Doc. 220 at 6). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To the extent Dunkley believes that there was a genuine issue of material fact precluding summary judgment, she should raise that argument on appeal and not in a motion to disqualify. *See id.* ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.").

As to Dunkley's argument about the undersigned's past employment, the Court addressed this concern at length when it denied Dunkley's first motion to recuse. (Doc. 247 at 1–3). As discussed in its prior order, the undersigned was employed by the Madison County State's Attorney's Office in the early 1990s and as a Madison County Circuit Judge from February 2017 to September 2020. In the former employment he represented the interests of the County in environmental litigation as a lawyer. As a Circuit Judge, he was paid wages by the State of Illinois, but did not represent its interests. If the logic that Dunkley advances were to be broadly adopted, no state court judge would be permitted to hear criminal matters since the plaintiff there is typically the state itself, the very "employer" of that judge. Likewise, no former United States Attorney could serve as a federal judge because he or she was once an employee of the United States which is essentially the plaintiff in all federal criminal proceedings and many civil litigation proceedings. Here, Dunkley offers nothing beyond the Court's former

employment as basis for her request for a recusal. Therefore, the Court finds that the undersigned's past employment alone does not raise concern of lack of impartiality to an "objective, disinterested observer." *Herrera-Valdez*, 826 F.3d at 917; *see Nicholson v. City of Peoria*, 860 F.3d 520, 525 & n.6 (7th Cir. 2017) (holding that a judge's employment by a city forty years prior did not suggest bias in city's favor and rejecting suggestion that Justice Kagan's prior employment as U.S. Solicitor General biases her in all cases involving the federal government).

For these reasons, Dunkley's motion to stay (Doc. 249) and her Verified Petition to Change Judge for Cause (Doc. 250) are **DENIED**.

**SO ORDERED.**

Dated: December 14, 2021

_____
DAVID W. DUGAN
United States District Judge