IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:18-cv-2189-DWD |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are Plaintiff Jennifer Dunkley's motion for subpoenas (Doc. 266) and Defendant Illinois Department of Human Services' ("IDHS") motion *in limine*. (Doc. 273). The motions present overlapping issues related to Dunkley's Rule 26(a)(3) disclosures. For the following reasons, both motions are due to be denied.

Dunkley first filed her Rule 26(a)(3) disclosures on September 24, 2021. (Doc. 219). She disclosed 42 witnesses and more than 50 exhibits. On January 7, 2022, Dunkley asked the Court to issue 42 blank subpoenas for her witnesses. (Doc. 257). Instead of issuing the subpoenas, the Court advised Dunkley that it would review her subpoena requests and discuss them with her at the Final Pretrial Conference on January 13 to ensure that the Court's subpoena power would not be abused. (Doc. 261). At the Final Pretrial Conference, the Court ordered the parties to file supplemental Rule 26(a)(3) disclosures that identified the specific testimony they anticipated each of their witnesses would offer. (Doc. 265).

IDHS filed supplemental disclosures that provided a short summary of the anticipated testimony of most of the witnesses it disclosed. (Doc. 269). Dunkley filed supplemental disclosures but did not describe the anticipated testimony of any of her witnesses. (Doc. 267). Instead, Dunkley identified each of the witnesses' positions—most were employed by IDHS or AFSCME Local 2600—and stated that he or she would "provide direct testimony regarding plaintiff's complaint." (Doc. 267 at 1-5). Thus, neither party complied with the Court's order. IDHS failed to describe the anticipated testimony of a few of its witnesses, and Dunkley failed to describe the anticipated testimony of any of her witnesses.

As a result, the Court still lacks any basis by which to evaluate Dunkley's request for subpoenas. In her second motion for subpoenas, Dunkley indicates that at the Final Pretrial Conference, the Court instructed her to identify which witnesses were direct or indirect. (Doc. 266 at 1). Although the Court did discuss the difference between direct and indirect evidence at the Final Pretrial Conference, the Court specifically ordered the parties to describe the anticipated testimony of their witnesses. (Doc. 265). Dunkley has disclosed a large number of witnesses, and many of them appear to relate only to claims dismissed at summary judgment. For that reason, it is important that Dunkley describe her witnesses' anticipated testimony in detail, much like IDHS has done for most of its witnesses, so that the Court can properly evaluate whether it should issue subpoenas.

IDHS's motion *in limine* also suffers from a lack of specificity. IDHS asks the Court to "prohibit Plaintiff from offering evidence or argument contradicting or revisiting any of the legal findings contained in the Court's grant of summary judgment." (Doc. 273 at

1). IDHS's motion is problematic because it essentially restates Federal Rule of Evidence 401. Claims resolved at summary judgment no longer have a bearing on the case. Thus, by definition, witnesses and evidence relating only to those claims would be irrelevant under Rule 401. The Court will not grant a motion *in limine* that merely restates an evidentiary rule without asking for the exclusion of specific witnesses or evidence.

For these reasons, Dunkley's motion for subpoenas (Doc. 266) and IDHS's motion *in limine* (Doc. 273) are **DENIED**. On or before **April 6, 2022**, both parties shall file amended supplemental Rule 26(a)(3) disclosures that include detailed descriptions of the anticipated testimony of every witness identified. Should the parties need a guide, they should look to the descriptions that IDHS provided for most of its witnesses in its supplemental Rule 26(a)(3) disclosures. (Doc. 269). On or before **April 20, 2022**, Dunkley may file a new motion for subpoenas, and IDHS may file a new motion *in limine*. IDHS should direct any new motion *in limine* to specific witnesses and pieces of evidence it wishes to exclude from trial.

**SO ORDERED.**

Dated: March 23, 2022

_____
DAVID W. DUGAN
United States District Judge