IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JENNIFER A. DUNKLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-cv-02189-DWD |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **HUMAN SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |

**DUGAN, District Judge**:

**MEMORANDUM & ORDER**

Plaintiff Jennifer Dunkley worked for the Illinois Department of Human Services ("IDHS") from 2015 to 2020. In 2018 and 2019, she brought claims for racial discrimination against IDHS, her labor union AFSCME Local 2600, and IDHS employees Kimberly Peltes and Monica Monroy. This Court granted motions for summary judgment (Doc. 220) in favor of all defendants but IDHS, which is the sole remaining defendant in this action. Before this Court is IDHS' Motion *in Limine* (Doc. 281). Plaintiff does not respond to IDHS' Motion.[1]

Plaintiff's Second Amended Complaint (Doc. 38) alleges that IDHS engaged in "illegal, intentional discrimination on the basis of race by perpetuating and condoning a hostile work environment based on race." (Doc. 38, ¶ 163). IDHS also allegedly "failed to take adequate remedial measures"; denied plaintiff promotional opportunities by threats,

---

[1] SDIL-LR 7.1(c) provides that the "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

intimidation, and negative performance evaluation; treated plaintiff "worse than similarly-situated white employees in promotion and discipline"; and retaliated against plaintiff "because she opposed discriminatory practices and participated in an EEOC proceeding." (Doc. 38, ¶¶ 165, 170-71, 175, 185). Presently, only those claims brought against IDHS under Title VII of the Civil Rights Act of 1964 survive.[2]

IDHS argues Plaintiff should not be permitted to introduce evidence that either Kimberly Peltes or Monica Monroy racially discriminated against Plaintiff, created or perpetuated a hostile work environment, or otherwise retaliated against Plaintiff. Generally, it argues that, since the Court granted summary judgment in favor of Peltes and Monroy, the doctrine of the "law of the case" should operate to bar evidence as to their alleged discriminatory conduct. More specifically, IDHS seeks to bar evidence of discrimination based upon Monroy's November 28, 2018, email; no white participant in the AG02B course being the subject of a written report by Monroy; Peltes' revocation of Plaintiff's authorization to work overtime, return of Plaintiff to 100% review, and demotion of Plaintiff; the contents of Plaintiff's April 26, 2019, performance evaluation; and Peltes' unfavorable review and demotion of Plaintiff on August 21, 2019. (Doc. 281).

IDHS argues, as noted in *Evans v. City of Chicago*, "when an issue is once litigated and decided, that should be the end of the matter." *See* 873 F.2d 1007, 1014 (7th Cir. 1989). That is an oversimplification because the doctrine of the "law of the case" is a self-imposed limitation rather than a limitation on the court's power. *Id*. at 1015 (quoting *Gertz*

---

[2] This Court dismissed claims against IDHS brought under 28 U.S.C. §§ 1981 and 1983. (Doc. 91).

*v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982)). And, unlike its cousin, *res judicata*, the doctrine of the "law of the case" is flexible, with a difference in consequences dictating, in some measure, the extent to which it is applied in a given case. *See* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478.5 (3d ed. 2005). But, as IDHS notes, the doctrine is a presumption that prior rulings will stand unless the presumption is overcome for compelling reasons, such as new controlling law or clear error. An application of the "law of the case" principle operates to deprive a party of the opportunity to reargue a position or claim, and it should do so here.

This Court granted summary judgment in favor of both Peltes and Monroy. In that order, a determination was made that Plaintiff failed to come forward with adequate evidence and that the record, as it then existed, presented no genuine issue of fact that could support Plaintiff's claims against either Peltes or Monroy. Now, IDHS raises the concern that Plaintiff, during trial, will attempt to resurrect certain factual issues that have already been determined by the Court to be inadequate to support Plaintiff's claims of discriminatory behavior by Peltes and Monroy.[3] "Fact issues present variable opportunities for invoking law-of-the-case principles. If an attempt is made to press the same fact issue for a second time on an unchanged record, law-of-the-case reluctance [to reconsider] approaches maximum force" *Id.* And, "[t]he very determination whether an issue is a question of fact—often a subtly legal determination—may properly be treated

---

[3]The Court is not without its own concern in this regard because Plaintiff has requested the issuance of some 40 subpoenas for witnesses whose disclosed testimony is seemingly directed to the claims of discriminatory conduct on the part of Peltes or Monroy.

as the law of the case." *Id*. Of course, reconsideration of a fact issue may be appropriate, however, if there is new evidence, new law, or manifest injustice. *Id*. But, here, Plaintiff does not point to the existence of any new evidence, new law, or manifest injustice that might justify reconsideration of the Court's order granting summary judgment.

Accordingly, the Court **GRANTS** Defendant's Motion *in Limine* (Doc. 281) and bars Plaintiff from suggesting, arguing, stating or otherwise introducing, in the presence of the jury, evidence of alleged discrimination by Peltes or Monroy, including evidence of: Monroy's November 28, 2018, email; no white participant in the AG02B course being the subject of a written report by Monroy; Peltes' revocation of Plaintiff's authorization to work overtime, return of Plaintiff to 100% review, and demotion of Plaintiff; the contents of Plaintiff's April 26, 2019, performance evaluation; and Peltes' unfavorable review and demotion of Plaintiff on August 21, 2019.

**SO ORDERED**.

Dated:  September 12, 2022.

s/ David W. Dugan

DAVID W. DUGAN
United States District Judge