IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JENNIFER A. DUNKLEY,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**ILLINOIS DEPARTMENT OF HUMAN** )<br>**SERVICES,** )<br>)<br>    **Defendant.** | Case No. 3:18-cv-2189-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On September 13, 2022, the Court granted Plaintiff's Second Amended Motion for Subpoenas (Doc. 290) under Federal Rule of Civil Procedure 45. (Doc. 292). As a result, the Court directed the Clerk to issue subpoenas for the trial, scheduled for December 5, 2022, for 14 witnesses named in the Second Amended Motion for Subpoenas. (Doc. 292).

On October 4, 2022, legal counsel for 3 of the 14 witnesses for whom a subpoena issued—namely, Dena McGill, Melanie Hoyle, and Lisa Eden—filed a Motion to Quash Subpoenas for Trial (Doc. 295). Movants argue, on September 21, 2022, Movants "each received an email from Plaintiff…sent to their State of Illinois email addresses[,] informing them that: 'The new court trial date is Monday, December 5, 2022. Please see attached subpoena.' " (Docs. 295, pg. 1; 295-1, pgs. 1-3; 295-2, pgs. 1-3; 295-3, pgs. 1-3). Movants inform the Court that they were not served with a subpoena by any other means and the subpoenas were not accompanied by witness and mileage fees, as required by

Federal Rule of Civil Procedure 45(b)(1) and 28 U.S.C. § 1821(a)(1), (b), (c)(2).[1] [2] (Doc. 295, pgs. 1-2). Therefore, Movants submit that the subpoenas must be quashed for failing to satisfy legal requirements. (Doc. 295, pg. 4).

On October 5, 2022, the Court directed Plaintiff to respond to the Motion to Quash Subpoenas for Trial or otherwise prove she complied with relevant legal requirements. Plaintiff filed a Response in Opposition (Doc. 297) to the Motion on October 11, 2022. In her Response, Plaintiff confirms the above-described account of Movants. (Docs. 295, pgs. 1-2; Doc. 297, pg. 3). However, Plaintiff submits that her emails to Movants were merely to inform them of the new trial date. (Doc. 297, pg. 3). Likewise, Plaintiff asserts the subpoenas attached to those emails were "a confirmation of the change in the trial date by the court and…not meant for service of a subpoena." (Doc. 297, pg. 3). Plaintiff emphasizes that Movant's claims "are not valid because the plaintiff has not served the subpoenas as of yet" and the trial is not until December 5, 2022. (Doc. 297, pg. 4).

Here, the Court notes Plaintiff appears to admit the subpoenas, attached to her emails to Movants, failed to satisfy the applicable legal requirements. Indeed, Plaintiff

---

[1] Rule 45(b)(1) states: "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

[2] Section 1821(a)(1) provides: "Except as otherwise provided by law, a witness in attendance at any court of the United States…shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Section 1821(b) states: "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). Section 1821(c)(2) provides: "A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services." 28 U.S.C. § 1821(c)(2).

asserts that her emails were not intended to constitute service of the subpoenas at all. However, the subpoenas, bearing Movants' names and the signature of a Deputy Clerk of the Court, were nevertheless attached to Plaintiff's emails. Accordingly, to the extent that it may be argued that the subpoenas were properly served on Movants, the Motion to Quash Subpoenas for Trial is **GRANTED**. The Court emphasizes, though, that the trial in this case is not until December 5, 2022, and Plaintiff may still properly serve her subpoenas on Movants. This Order shall not be read to prejudice Plaintiff's ability to do.

**SO ORDERED.**

Dated: October 12, 2022

_____
DAVID W. DUGAN
United States District Judge