IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JENNIFER A. DUNKLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-2189-DWD |
| | ) |
| **ILLINOIS DEPARTMENT OF HUMAN SERVICES,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Second Verified Petition to Change Judge for Cause ("Petition") (Doc. 323). In the Petition, Plaintiff argues as follows: (1) the Court is "biased and condescending" toward Plaintiff; (2) transcripts of status conferences are not available; (3) it was unfair for the Court to refer the case to mandatory mediation under the Court's Mandatory Mediation Plan; (4) the Court did not process Plaintiff's First Verified Petition to Change Judge for Cause (Doc. 250) according to the proper procedures; and (5) the Court is biased because Plaintiff is *pro se*. (Doc. 323, pgs. 3-5).

Initially, the Court notes that Plaintiff, without citation, relies only on the State of Arizona's Rules of Criminal Procedure. *See* Ariz. R. Crim. P. 10.1.[1] That legal standard does not govern Plaintiff's arguments or bind the Court in its resolution of the Petition.[2] However, in deference to Plaintiff, the Court will apply the appropriate federal standard.

---

[1] The Court was able to glean this fact, despite the absence of a citation, because Plaintiff quoted Rule 10.1 verbatim in the Petition.
[2] For this reason, the Court will not consider Plaintiff's fourth argument. (Doc. 323, pg. 5).

Under 28 U.S.C. § 455(a), "[a]ny…judge…of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test is "whether an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done." *See U.S. v. Herrera–Valdez*, 826 F.3d 912, 917 (7th Cir. 2016) (citing *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir. 1985)); *accord U.S. v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).

In addition, a judge shall disqualify himself if a reasonable person would be convinced that "he has a personal bias or prejudice concerning a party." *See id*. § 455(b)(1); *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (*Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993)). The alleged bias or prejudice must be based on some personal animus or malice that the court harbors toward a party, which a fair-minded person could not entirely set aside to judge the party or case. *See Hook*, 89 F.3d at 355 (quoting *U.S. v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir. 1985)). A recusal is required only if actual bias or prejudice is proved with compelling evidence. *See id*. (quoting *Balistrieri*, 779 F.2d at 1202). Further, the bias or prejudice against the party must arise from an extrajudicial source. *See id*. (quoting *Liteky v. U.S.*, 510 U.S. 540, 555 (1994); citing *U.S. v. Griffin*, 84 F.3d 820, 831 (7th Cir. 1996)). The Court's remarks—even if critical, disapproving, or hostile—ordinarily do not support a finding of bias or prejudice. *See id*. (quoting *Liteky*, 510 U.S. at 555; citing *Griffin*, 84 F.3d at 820). Likewise, expressions of impatience, dissatisfaction, annoyance, or even anger, within bounds, do not establish bias or prejudice. *See id*. (quoting *Liteky*, 510 U.S. at 555;

citing *Griffin*, 84 F.3d at 820). Ordinary efforts of courtroom administration, even when stern, are immune. *See id*. (quoting *Liteky*, 510 U.S. at 555; citing *Griffin*, 84 F.3d at 820).

Here, the Petition presents no basis for a disqualification under the above legal standards. At the most recent Final Pretrial Conference, the parties, again, failed to comply with the Court's Case Management Procedures and demonstrate that the case was ready for trial. It was for that reason alone, and not any perceived bias, that the case was continued and referred to mandatory mediation under the Mandatory Mediation Plan. The Court notes, though, it has granted Plaintiff considerable leeway, beyond that which is ordinarily given to parties with legal representation, to prosecute her case.

Further, under Section 2.1(A)(3) of the Mandatory Mediation Plan, if the Court determined a mediation was appropriate, then it could enter a Pro Se Mandatory Mediation Referral Order. The timing of such a referral is within the discretion of the Court. At the last Final Pretrial Conference and before the Court exercised its discretion under the Mandatory Mediation Plan, each party stated it had no objection to a mandatory mediation. (Docs. 319 & 320). It was only after the mandatory mediation was ordered that Plaintiff, despite her prior statement of no objection, sought to opt out of the mandatory mediation (Doc. 321). Also, the Court notes that the mandatory mediation was ordered, in part, because it would not delay the time in which Plaintiff's case could be rescheduled for trial. That is, the mandatory mediation could proceed to completion, simultaneously with trial preparation, before the next available civil trial date. The Court understands Plaintiff's desire to proceed to trial as soon as possible. Indeed, the Court shares that desire. However, as alluded to above, Plaintiff and Defendant must comply

with the Court's mandatory Case Management Procedures before the case will be deemed ready for trial. Finally, the record reflects that the Court and Clerk's Office have assisted Plaintiff in receiving all available transcripts, when requested. (Docs. 324 & 326).

For the foregoing reasons, the Petition is **DENIED**.

**SO ORDERED.**

Dated: February 3, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge