IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-2189-DWD |
| | ) |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Plaintiff's Motion and Memorandum in Support of Sanctions against Defendant (Docs. 357 & 358).

In support of her request for sanctions, Plaintiff argues 28 U.S.C. § 1927 "covers any behavior that prolongs the case and causes additional expense and delay," such as dilatory litigation tactics, the filing of duplicative complaints and baseless motions, serving needless discovery, persisting in meritless arguments, and filing frivolous appeals. (Docs. 357, pg. 2; 358, pg. 6). In Plaintiff's view, Defendant's "unpreparedness for trial serves to delay and obstruct [her] pursuit of justice." (Doc. 358, pg. 6).

Plaintiff also argues sanctions under Federal Rule of Civil Procedure 37(c)(1) "are triggered automatically, without the need to demonstrate responsibility," including for the failure to submit timely disclosures under Federal Rule of Civil Procedure 26(a)(3), a Final Pretrial Order or motion for an extension of time, and proposed jury instructions. (Docs. 357, pgs. 2-3; 358, pg. 6). Plaintiff argues Defendant is acting in bad faith and

causing her prejudice. (Docs. 357, pg. 3; 358, pg. 7). Plaintiff notes "[o]ne of [her] witnesses did not receive notification of the change of date[] [and]…took the day off from their job and came to the courthouse." (Doc. 357, pg. 3). In Plaintiff's view, the changing of the trial dates, "through no fault of the plaintiff," is confusing the witnesses and creating a mistrust and lack of confidence in the judiciary. (Docs. 357, pg. 3; 358, pg. 1). For these reasons, Plaintiff argues the circumstances warrant a default judgment of $15,630,000.

Relevantly, § 1927 provides, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The statute explicitly requires an attorney to act unreasonably *and* vexatiously, and the latter term means in "either subjective or objective bad faith." *See Kotsilieris v. Chalmers*, 699 F.2d 1181, 1184 (7th Cir. 1992) (citing *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987); *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)); *accord Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994). "[S]omething more than ordinary negligence," such as extremely negligent conduct akin to reckless and indifferent conduct, "must exist in order to justify the order of sanctions" for bad faith. *See Kotsilieris*, 699 F.2d at 1184; *accord Barosh*, 22 F.3d at 120.

Similarly, Rule 37(c)(1) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Moreover, "[i]n addition to or instead of this sanction, the court, on motion and after giving an

2

opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) – (vi). Fed. R. Civ. P. 37(c)(1). The Court need not render explicit findings on the existence of a substantial justification or harmlessness. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). However, the following factors guide the analysis: (1) the prejudice or surprise to the opposing party; (2) the ability to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness of the failure to disclose. *Id*. (citing *Bronk v. Ineichen*, 54 F. 3d 425, 428 (7th Cir. 1995); *Woodworker's Supply, Inc.*, 170 F.3d at 993). It is within the Court's discretion to impose sanctions under these provisions. *See Kotsilieris*, 699 F.2d at 1183; *David*, 324 F.3d at 857.

Here, Plaintiff has failed to show sanctions are appropriate under either § 1927 or Rule 37(c)(1). On the one hand, at a minimum under § 1927, there is a complete absence of vexatiousness by Defendant. As Plaintiff's own exhibits to the Motion for Sanctions indicate, the parties worked amicably to submit required documents to the Court. (Doc. 357-2 to 357-12). The parties, in the email exchanges, identified and resolved issues in a respectful fashion. (Doc. 357-2 to 357-12). Further, the parties discussed mutually available dates for phone calls. (Doc. 357-2 to 357-12). Notably, in the section of the Memorandum in Support pertaining to § 1927, Plaintiff lists "a broad range of dilatory litigation tactics" covered by § 1927. (Doc. 358, pg. 9). However, it is quite telling that Plaintiff does not accuse Defendant of engaging in those "dilatory litigation tactics." (Doc.

358, pg. 9). Plaintiff merely claims, without specification, Defendant's "unpreparedness for trial serves to delay and obstruct [her] pursuit of justice." (Doc. 358, pg. 9). That conclusory allegation, by itself, falls well short of the § 1927 standard for imposing sanctions. *See Kotsilieris*, 699 F.2d at 1184; *Barosh*, 22 F.3d at 120. The Court emphasizes "ordinary negligence," even if it existed in this case, would not justify the imposition of sanctions under § 1927. *See Kotsilieris*, 699 F.2d at 1184; *Barosh*, 22 F.3d at 120.

On the other hand, Plaintiff ignores significant portions of Rule 37(c)(1). For example, Defendant has filed three sets of Rule 26(a)(3) disclosures. (Docs. 218, 269, 278). It could be, in Defendant's view, nothing has changed since its Second Supplemental Rule 26(a)(3) Disclosures (Doc. 278). The witnesses Defendant intends to call, according to the most recent Final Pretrial Order, were also listed in the Second Supplemental Rule 26(a)(3) Disclosures as witnesses Defendant expected to present or would present if necessary. Likewise, between those two documents, Defendant's listed exhibits are the same. Further, the other documents that Plaintiff claims were not timely submitted by Defendant, namely, the Final Pretrial Order and proposed jury instructions, are required by the Court and not Rule 26(a) or (e). As such, even if Plaintiff's arguments were correct, the Court would not find it appropriate to apply Rule 37(c)(1). For these reasons, the Court finds no failure to disclose by Defendant. As an aside, the Court notes any such failure by Defendant could still be substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). With the three sets of Rule 26(a)(3) disclosures on file, it is difficult to envision a scenario where Plaintiff could reasonably claim prejudice or surprise, an inability to cure

4

the prejudice, a likelihood of disruption to the trial, or bad faith or willfulness by Defendant's failure to refile its Rule 26(a)(3) disclosures. *See David*, 324 F.3d at 857.[1]

For these reasons, the Motion for Sanctions is **DENIED**.

**SO ORDERED.**

Dated: April 21, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

---

[1] In light of the upcoming trial, the Court must address Plaintiff's claim that a witness, who took the day off from work to come to the Courthouse on a prior trial date, "did not receive notification of the change of [trial] date." (Doc. 357, pg. 3). It is Plaintiff's responsibility—not the Court or Defendant's responsibility—to keep her witnesses apprised of any changes to the Court's proceedings. Both now and during the upcoming trial, Plaintiff must own any failure to do so.