IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS DEPARTMENT OF HUMAN )<br>SERVICES, AFSCME LOCAL 2600, )<br>LISA EDEN, KIMBERLY PELTES, and )<br>MONICA MONROY )<br>)<br>Defendants. ) | Case No. 3:18-cv-2189-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff brought claims, grounded in racial discrimination under Title VII and 42 U.S.C. § 1981, against Defendants AFSCME Local 2600 and IDHS. On October 5, 2021, the Court granted Defendant AFSCME Local 2600's Motion for Summary Judgment (Doc. 188). On June 8, 2023, a jury returned a verdict for Defendant IDHS. (Docs. 378 & 383). The Clerk of the Court entered a Judgment in a Civil Action (Doc. 386) for all Defendants.

On June 13, 2023, Defendant AFSCME Local 2600 filed a Bill of Costs (Doc. 387), seeking $1,361.73 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and the costs of making copies of any materials where the copies [we]re necessarily obtained for use in the case." The request was supported by an Itemization of Costs and invoices. (Docs. 387-1; 387-2).

On June 26, 2023, Defendant IDHS filed a Bill of Costs (Doc. 394), seeking $2,560.80 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use

in the case." To support the request, Defendant IDHS submitted an Additional Itemization of its Bill of Costs, invoices, and a Declaration. (Docs. 394-1; 394-2; 394-3).

Plaintiff objects to each Defendants' Bill of Cost. (Docs. 393 & 396). With respect to that of Defendant AFSCME Local 2600, Plaintiff argues the Bill of Costs is "unnecessary, avoidable[,] and retaliatory." (Doc. 393). Plaintiff suggests she provided Defendant AFSCME Local 2600 with her medical records and it failed to request deposition transcripts of witnesses from Plaintiff. (Doc. 393). Finally, Plaintiff requests a stay of the Bill of Costs pending her appeal in the Seventh Circuit. (Doc. 393).

In relation to the Bill of Costs filed by Defendant IDHS, Plaintiff again argues that request is "unnecessary, avoidable[,] and retaliatory." (Doc. 396). She suggests that Defendant IDHS failed to request deposition transcripts from Plaintiff or prove payment was actually made for deposition transcripts. (Doc. 393). Also, Plaintiff again requests a stay of the Bill of Costs pending her appeal in the Seventh Circuit. (Doc. 393).

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs may properly include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. *See* 28 U.S.C. § 1920.

Rule 54(d)(1) provides a "strong presumption" that the losing party will pay costs, but it also affords the Court discretion to direct otherwise. *See Rivera v. City of Chic.*, 469 F.3d 631, 634, 636 (7th Cir. 2006); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) ("District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs."). However, the "strong presumption" in favor of the losing party paying costs is difficult to overcome, meaning "the court must award costs unless it states good reasons for denying them." *See Weeks*, 126 F.3d at 945; *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("[U]nless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course.' "). It is only misconduct by the prevailing party, worthy of a penalty, or the losing party's inability to pay, that will justify a denial of costs. *See Weeks*, 126 F.3d at 945; *accord Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

Here, Plaintiff is not claiming an inability to pay and she points to no evidence of misconduct by Defendants or that the costs claimed are unreasonable. The Court having reviewed the costs claimed by Defendants finds them to be reasonable. Therefore, the Court finds the costs sought by Defendants AFSCME Local 2600 and IDHS are recoverable under § 1920. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (stating, as part of the analysis, the Court inquires of the recoverability and reasonableness of the costs). In doing so, the Court notes that the costs sought are

3

expressly allowed by § 1920 and are supported by Itemizations and invoices. *See id*. ("If there is statutory authority for taxing a specific cost, '[the Seventh Circuit] will not overturn a district court's decision that the cost was necessary to the litigation or its determination of what amount is reasonable absent a showing of clear abuse of discretion.' "). Further, Counsel for each Defendant used an acceptable standard Bill of Costs form, which includes a Declaration under penalty of perjury that "the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost…shall attach thereto an affidavit…that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). Based on the declarations, coupled with the various invoices submitted by Counsel for Defendants AFSCME Local 2600 and IDHS, the Court finds Defendants proved payment of the costs.

Notably, although Plaintiff claims to have provided her medical records to Defendant AFSCME Local 2600, the costs related to those medical records ($41.33) are properly attributable to copies. (Doc. 387-1). Further, Plaintiff cites no legal authority in her Objections, let alone legal authority for the proposition that a defendant must first seek deposition transcripts from a plaintiff prior to itself obtaining that resource. Finally, the Court declines to stay the *adjudication* of the Bills of Cost pending appeal. *See In re Dairy Farmers of America, Inc.*, 80 F. Supp. 3d 838, 854 (N.D. Ill. 2015) ("[A] district court is under no obligation to stay a bill of costs pending appeal."). However, the Court will stay

the *enforcement* of the Bills of Cost pending that appeal. *See id*. (declining to stay the adjudication of a bill of costs pending appeal, but staying the enforcement of that bill of costs); *Chicago Teachers Union, Local 1, Am. Fed. of Teachers, AFL-CIO v. Bd of Educ. of City of Chicago*, No. 12-cv-10338, 2020 WL 13608315, *6 (N.D. Ill. May 29, 2020) (same).

Therefore, the Objections to the Bills of Cost are **OVERRULED**. However, the enforcement of the Bills of Cost are **STAYED**. Upon the resolution of Plaintiff's appeal, the Clerk of the Court is **DIRECTED** to tax the costs against Plaintiff in the amounts of $1,361.73 for Defendant AFSCME Local 2600 and $2,560.80 for Defendant IDHS.

**SO ORDERED.**

Dated: September 12, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge